436 F.2d 1064
 76 L.R.R.M. (BNA) 2427, 64 Lab.Cas. P 11,436
 PARAMOUNT TRANSPORT SYSTEMS, a corporation, Plaintiff and Appellee,
v.
CHAUFFEURS, TEAMSTERS & HELPERS, LOCAL 150, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN
AND HELPERS OF AMERICA, et al.,
Defendants and Appellants.
 No. 25719.
 United States Court of Appeals, Ninth Circuit.
 Jan. 6, 1971.
 
 Robert Le Prohn (argued), of Le Prohn & Le Prohn, Gladstein, Andersen, Leonard, Sibbett & Patsey, San Francisco, Cal., for defendants-appellants.
 Archie Parker (argued), of Rowland, Clowdus & Parker, Sacramento, Cal., for plaintiff-appellee.
 Before CHAMBERS, JERTBERG, and HUFSTEDLER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Paramount Transport Systems brought this action pursuant to section 303 of the Labor Management Relations Act, 29 U.S.C. 187. The district court judge granted Paramount's motion for partial summary judgment on liability. We granted appellants' application for an interlocutory appeal under 28 U.S.C. 1292(b).
 
 
 2
 Paramount filed an unfair labor practices charge with the National Labor Relations Board alleging violations of section 8(b)(4) of the Labor Management Relations Act, 29 U.S.C. 158(b)(4). Hearings were held on April 25 and 26, 1968. On November 4, 1968, the trial examiner's decision was rendered. He found that Local 150 was not certified as the bargaining representative of a majority of employees of Paramount. Further, picketing and other interference by Locals 17 and 150 had taken place. Finally, he determined that the picketing was an unfair labor practice, i.e., an unlawful secondary boycott. No exceptions to the trial examiner's decision was filed and it became final.
 
 
 3
 Paramount filed its first amended complaint on April 8, 1968, alleging damages suffered as a result of the above unfair labor practices. On January 14, 1970, Paramount filed its motion for partial summary judgment, which was granted on March 11, 1970. No suggestion is made that the issues before the Board and before the court were different, except in court the damage issue was added.
 
 
 4
 The district judge was of the opinion that a determination of the trial examiner that an unfair labor practice has occurred is binding on the district court as a trier of facts. Based upon language in United States v. Utah Construction & Mining Co., 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), the district judge applied general principles of collateral estoppel.
 
 
 5
 We believe that the district court correctly applied United States v. Utah Construction & Mining Co., supra, to foreclose the union from litigating in this action those material issues of fact decided adversely to it in the proceedings culminating in a final order by the National Labor Relations Board. But we do not construe Utah Construction to require that the doctrine of collateral estoppel be applied across the board to all determinations of such issues by administrative agencies. Reading Utah Construction with United States v. Carlo Bianchi & Co., 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963), we conclude that collateral estoppel effect should be given only to those administrative determinations that have been made in a proceeding fully complying with the standards of procedural and substantive due process that attend a valid judgment by a court and further, that such effect should be accorded only to those findings upon material issues that are supported by substantial evidence on the administrative record as a whole.
 
 
 6
 Affirmed.
 
 CHAMBERS, Circuit Judge (concurring):
 
 7
 I concur in the result. Utah and Carlo Bianchi, supra, dealt with the review of findings of the Armed Services Board of Contract Appeals. The Wunderlich Act, 41 U.S.C. 321, provides that the decision of the board shall be final and conclusive unless fraudulent, capricious, arbitrary, so grossly in error as to imply bad faith or not supported by substantial evidence. Read in light of this congressional dictate, these cases indicate that the findings of the board relevant to a dispute properly before it must be accepted if supported by substantial evidence in the record considered as a whole. The same test should be applied to the instant question, assuming compliance with procedural and substantive due process. Application of collateral estoppel piles test upon test. This is unnecessary. If the butcher has no meat, he need not determine if the meat is spoiled.